UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

PAUL WIGGINS,

               Plaintiff,

v.

DAIMLERCHRYSLER FINANCIAL SERVICES
AMERICAS LLC AND TRANS UNION LLC,

               Defendants.

----------------------------------------------------------x



'08 Civil Action No.: CV 3624

**NOTICE OF REMOVAL**

U.S.D.C. S.D.N.Y.
CASHIERS

**PLEASE TAKE NOTICE** that Defendant, DaimlerChrysler Financial Services Americas, LLC (hereinafter "DaimlerChrysler"), by its undersigned counsel, Deily, Mooney and Glastetter, LLP, pursuant to 28 U.S.C. §§ 1441, 1331, 1367 hereby removes the instant matter from the Civil Court of the City of New York, County of Bronx, to the United States District Court for the Southern District of New York and in support thereof avers as follows:

    1.    Plaintiff, Paul Wiggins, (hereinafter "Wiggins") filed a Complaint on March 17, 2008, in the Civil City Court of New York, County of Bronx, against DaimlerChrysler and Trans Union LLC ("Trans Union"). This action purports to be founded upon claims for violations of, *inter alia*, the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (the "FCRA"). *See* Complaint, Counts 1-6; 8-11. A true and correct copy of the Complaint is annexed hereto as Exhibit "A".

    2.    DaimlerChrysler received a copy of the Summons and Complaint on March 20, 2008, and defendant reserves all rights to contest the propriety and effectiveness of service of process under New York law.

### GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

    3.    Subject matter jurisdiction exist in this case because Plaintiff or "Wiggins" has

asserted claims that arise under the laws of the United States pursuant to 28 U.S.C § 1331

Federal question jurisdiction.

4.     Pursuant to 28 U.S.C. § 1441(a), removal is of a State court action by the

Defendant is permitted if the action is one "of which the District Courts of the United States have

original jurisdiction."  <u>Arrey v. Beaux Arts II, LLC.</u>, 101 F.Supp.2d 225 (S.D.N.Y. 2000).

5.     The Wiggins Complaint expressly alleges Defendants allegedly violated the

FCRA. (see Exhibit A (Complaint), Counts 1-6; 8-11).  Pursuant to 15 U.S.C. §1681p and 28

U.S.C. §1331, this Court has original jurisdiction over FCRA claims without regard to the

amount in controversy.

6.     Additionally, any claims in this action over which the Court does not have

original jurisdiction under 28 U.S.C. § 1331 are within the Court's jurisdiction under 28 U.S.C. §

1367(a).  Plaintiff's Complaint arises under the laws of the United States because it explicitly

alleges violations of federal law and also demonstrates a need for determining the meaning and

application of that federal law.  <u>Marcus v. AT&T Corp.</u>, 138 F.3d 46, 55 (2d Cir. 1998); <u>T.B.</u>

<u>Harms Co. v. Eliscu</u>, 339 F.2d 823, 827 (2d Cir. 1964, cert denied, 381 U.S. 915 (1965.  See also

<u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, 545 U.S. 308, 314

(2005) ("the question is, does a state-law claim necessarily raise a stated federal issue, actually

disputed and substantial…").

7.     This action is one over which this Court has original jurisdiction under the

provisions of 28 U.S.C. § 1331, and this action may be removed to this Court by Daimler

Chrysler, pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*

## <u>VENUE</u>

8.     Venue is proper in the United States District Court for the Southern District of

New York under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state-court action is pending. (see Exhibit A (Complaint), at ¶ 2)

## CONSENT TO REMOVAL

9.      Defendant Trans Union consents to the removal of this action to this Court. (Annexed hereto as Exhibit "B" is Trans Union's written Join and Consent Notice of this action to this Court).

10.     DaimlerChrysler does not waive any defense to the Wiggins's Complaint, including but not limited to, lack of service, improper service or lack of personal jurisdiction.

## TIMELINESS OF REMOVAL

11.     This Notice of Removal is timely filed within thirty (30) days of service of process in accordance with the requirements of 28 U.S.C. § 1446(b). DaimlerChrysler was served with the Summons and Complaint on March 20, 2008. Trans Union was served with the Summons and Complaint on March 27, 2008.

## COMPLIANCE WITH 28 U.S.C. § 1446(d),

12.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Civil Court of the City of New York, County of Bronx, as required by law.

13.     Defendants, DaimlerChrysler and TransUnion shall file Written notice of this Notice of Removal and same will be given to Plaintiff's counsel of record promptly after its filing.

**WHEREFORE**, Defendant, DaimlerChrysler Financial Americas, LLC, requests that the

above-described action pending in the Civil Court of the City of New York, County of Bronx, be

removed to this Court and that this Court accept jurisdiction of this matter and that this action be

placed on the docket of this Court for further proceedings, as though this action had been

originally instituted in this Court.

Dated:  April 14, 2008
       Albany, New York

                            Respectfully Sumbmitted,

                By:   *Jonathan D. Deily*
                       Jonathan D. Deily, Esq.
                       Bar No.: JD3579
                       Deily, Mooney and Glastetter, LLP
                       *Attorneys for Defendant DiamlerChrysler Financial Americas, LLC*
                       8 Thurlow Terrace
                       Albany, New York 12203
                       Tel:  (518) 436-0344
                       Fax:  (518) 436-8273
                       e-mail:  jdeily@deilylawfirm.com

TO:    Jay S. Fleischman, Esq.
        Fleischman Consumer Law Center
        315 Flatbush Ave. #401
        Brooklyn, NY 11217
        (646) 722-8649
        *Attorney for Plaintiff*

        Timothy P. Creech, Esq.
        Kogan, Trichon & Wertheimer, P.C.
        1818 Market Street
        30th Floor
        Philadelphia, PA 19103
        Phone:  (215) 575-7600
        Attorney for Defendant TransUnion, LLC.

# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
_____

Paul Wiggins,                                                    **SUMMONS**

                        Plaintiff,

          - against -                          Index No.        021002

DaimlerChrysler Financial Services            The Basis of Venue Is
Americas LLC and TransUnion, LLC,             Plaintiff's Residence

_____
                   Defendants.
_____

To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to appear in the CIVIL COURT OF THE CITY OF
NEW YORK - COUNTY OF BRONX, at the office of the clerk of the said
Court at 851 Grand Concourse in the county of BRONX, City and State of
New York, within the time provided by law as noted below and to file
your answer to the annexed complaint with the clerk; upon your failure
to answer, judgment will be taken against you for the sum $16,000.00
with interest on the sum of $16,000.00 from date of the filing of
complaint, plus attorney fees and the costs of this action.

Dated:        March 17, 2008
              Brooklyn, NY

                                           JAY S. FLEISCHMAN
                                           _____
                                           Attorney for Plaintiff

                                           FLEISCHMAN CONSUMER LAW CENTER
                                           315 Flatbush Ave # 401
                                           Brooklyn, NY 11217
                                           646.722.8649

Note the law provides that:
a) If this summons served by its delivery to you personally within the
City of New York, you must appear and answer within TWENTY DAYS after
such service: or b) If this summons is served by *it's* delivery to any
person other than you personally or is served outside the City of New
York, or by publication, or by any other means other than personal
delivery to you within the City of New York, you are allowed THIRTY
DAYS after the proof of *service* is filed with the Clerk of this Court
within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Paul Wiggins,                                                          **COMPLAINT**

               Plaintiff,
                                   Index No.

    - against -

DaimlerChrysler Financial Services
Americas LLC and TransUnion, LLC,

              Defendants.

Plaintiff, Paul Wiggins, herein after "Plaintiff" or "Wiggins", by
counsel and for his complaint against TransUnion, LLC and
DaimlerChrysler Financial Services Americas LLC (hereinafter
"Daimler") alleges as follows:

<u>PRELIMINARY STATEMENT</u>

1.    This is an action by a consumer seeking actual, statutory, and
punitive damages, attorney fees and costs for the defendants'
violations of The Fair Credit Reporting Act (hereinafter "FCRA"), 15
U.S.C. §1681 *et seq.*, as well as for the defendant's violations of New
York Gen. Bus Law §380 *et seq.* (hereinafter "NY FCRA").

<u>JURISDICTION AND VENUE</u>

2.    Personal jurisdiction is conferred upon each of the Defendants
named herein inasmuch as each of said Defendants transacts business
within the State of New York or contract to supply goods or services
in the state.

3.    Plaintiff is a resident of this county and, therefore, venue is
properly laid in this Court.

<u>PARTIES</u>

4.   Plaintiff is a natural person and resident of the State of New York. Plaintiff is a consumer within the meaning of the FCRA as defined by 15 U.S.C. §1681a(c) and (b). The Plaintiff is also a debtor as defined by the Bankruptcy Code, 11 U.S.C. §101 et seq.

5.   Upon information and belief, Equifax Information Services, Inc. (hereinafter "Equifax"), is a corporation incorporated in the state of Georgia and is authorized to do business in the State of New York, and is registered with the New York State Department of State with a registered Agent.

6.   Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumer on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

7.   Upon information and belief, Equifax is a "consumer reporting agency" that "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to third parties," as defined in N.Y. Gen. Bus. Law §380-a(e).

8.   Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    a)   Public record information,

    b)    Credit account information from persons who furnish that information regularly and in the ordinary course of business.

9.    Upon information and belief, TransUnion, LLC (hereinafter "TransUnion" or "TU"), is a Limited Liability Company, created in the state of Delaware and is authorized to do business in the State of New York.

10.    Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumer on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

11.    Upon information and belief, TransUnion is a "consumer reporting agency" that "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to third parties," as defined in N.Y. Gen. Bus. Law §380-a(e).

12.    Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    a)    Public record information,

    b)    Credit account information from persons who furnish that information regularly and in the ordinary course of business.

13.  Upon information and belief, Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation incorporated in the state of Ohio and is authorized to do business in the State of New York.

14.  Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumer on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

15.  Upon information and belief, Experian is a "consumer reporting agency" that "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to third parties," as defined in N.Y. Gen. Bus. Law §380-a(e).

16.  Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a)    Public record information,

b)    Credit account information from persons who furnish that information regularly and in the ordinary course of business.

17.  Upon information and belief, DaimlerChrysler Financial Services Americas LLC is the parent company of DaimlerChrysler Truck Financial, f/k/a DaimlerChrysler Truck Finance, (hereinafter "DCTF"), a Limited Liability Company, created in the state of Michigan and is authorized to do business in the State of New York.

18.   Upon information and belief, DCTF and/or Daimler is a furnisher of information to TransUnion, Experian, and Equifax.

## STATEMENT OF FACTS

19.   Plaintiff filed a petition in bankruptcy on August 20, 2004 under 11 U.S.C. §§ 101,and 701 et seq.

20.   Plaintiff's bankruptcy estate was fully administered and Plaintiff was discharged on December 9, 2004.

21.   DCTF was a listed, scheduled creditor of Plaintiff as "FASTruck".

22.   DCTF received notice of the Plaintiff's bankruptcy filing, as well as of the Discharge of Debtor issued by the court, electronically and confirmed receipt of such notices.

23.   At no time was the pre-petition debt due to DCTF deemed to be non-dischargeable.

24.   At no time was the pre-petition debt due to DCTF reaffirmed.

25.   At the time of receipt of the notices from the U.S. Bankruptcy Court, DCTF became aware that Plaintiff no longer owed an obligation to DCTF for the pre-petition debt.

26.   Upon information and belief, DCTF furnishes information to TransUnion in the METRO 2 format.

27.   Upon information and belief, DCTF furnishes information to Equifax in the METRO 2 format.

28.   Upon information and belief, DCTF furnishes information to Experian in the METRO 2 format.

29.   The METRO 2 format provides for a status code to indicate debts that are discharged in bankruptcy.

30.   At no time following the Plaintiff's receipt of a discharge of his obligation to DCTF did DCTF update the status of the discharged debt to indicate that it was discharged in bankruptcy.

31.   After the date on which Plaintiff's obligation to DCTF was discharged, and in connection with obtaining possible financing, Plaintiff obtained a copy of his consumer credit report from TransUnion, Equifax and Experian indicating that a balance of $44,598 remained due and outstanding to DCTF and a Pay Status of "Repossession" ("Pre-Dispute Report").

32.   After receipt of the Pre-Dispute Report, Plaintiff sent a request for reinvestigation of the DCTF account to TransUnion on or about March 25, 2007 by certified mail and bearing receipt number 7006-0810-0005-8745-6919. Exhibit "A" is a copy of the reinvestigation request sent to TransUnion.

33.   Defendant TransUnion received the request for reinvestigation on or about March 28, 2007.  Exhibit "B" is a copy of the tracking confirmation received from the website maintained by the U.S. Postal Service.

34.   After receipt of the Pre-Dispute Report, Plaintiff send a request for reinvestigation of the DCTF account to Equifax on or about March 25, 2007 by certified mail and bearing receipt number 7006-0810-0005-8745-6896. Exhibit "C" is a copy of the reinvestigation request sent to Equifax.

35.   Defendant Equifax received the request for reinvestigation on or about March 30, 2007.  Exhibit "D" is a copy of the tracking

confirmation received from the website maintained by the U.S. Postal
Service.

36.    After receipt of the Pre-Dispute Report, Plaintiff send a request
for reinvestigation of the DCTF account to Experian on or about March
25, 2007 by certified mail and bearing receipt number 7006-0810-0005-
8745-6902. Exhibit "E" is a copy of the reinvestigation request sent
to Experian.

37.    Defendant Experian received the request for reinvestigation on or
about April 3,2 007.  Exhibit "F" is a copy of the tracking
confirmation received from the website maintained by the U.S. Postal
Service.

38.    In each of the reinvestigation requests, Plaintiff provided to
each of Experian, Equifax and TransUnion information regarding his
Chapter 7 bankruptcy, a copy of the Discharge of Debtor along with the
court's Certificate of Service, and a specific request that TransUnion
reinvestigate the debt listed as "being owed to Mercedez-Benz and/or
Chrysler Financial bearing partial account number 5000443190421 with a
balance due or $44598.  This debt has been discharged in bankruptcy,
nor do I owe this debt."

39.    On information and belief, TransUnion either forwarded all
relevant information to defendant DCTF within 5 business days, as
required by 15 U.S.C. §1681i(a)(4), or failed to do so.

40.    On information and belief, TransUnion sent a request for
reinvestigation to defendant DCTF requesting that it verify that the
debt was discharged in Bankruptcy.

41.   On information and belief, DCTF responded to the request for verification by stating that the debt was still due and owing, verifying that information to TransUnion.

42.   Upon information and belief, TransUnion followed the instructions of DCTF without exercising independent discretion, and they took no additional investigative steps to ascertain the validity of Plaintiff's disputes following receipt of the response to the request for reinvestigation.

43.   TransUnion did not contact Plaintiff by telephone following their receipt of the response to the request for reinvestigation from DCTF.

44.   On information and belief, Equifax either forwarded all relevant information to defendant DCTF within 5 business days, as required by 15 U.S.C. §1681i(a)(4), or failed to do so.

45.   On or about March 30, 2007, Plaintiff received a copy of his credit report from TransUnion.  Said report reflects the fact that DCTF continues to report a debt owed to them under the name "Mercedes-Benz Credit" on the Plaintiff's public credit files.  This report states that the discharged debt to DCTF has a balance due of $44,598 and a past due amount of $44,598; that the debt was originated in August 2000; and that this information was last reported to a consumer credit reporting agency in August 2003.  The debt is described as an Retail Sales Contract and having a partial account number of 5000443190421.  The report further indicates a status of "Repossession." A copy of the relevant page of the TransUnion report is annexed hereto as Exhibit G.

46.  On information and belief, Equifax either forwarded all relevant information to defendant DCTF within 5 business days, as required by 15 U.S.C. §1681i(a)(4), or failed to do so.

47.  On information and belief, Equifax sent a request for reinvestigation to defendant DCTF requesting that it verify that the debt was discharged in Bankruptcy.

48.  On information and belief, Experian either forwarded all relevant information to defendant DCTF within 5 business days, as required by 15 U.S.C. §1681i(a)(4), or failed to do so.

49.  On information and belief, Experian sent a request for reinvestigation to defendant DCTF requesting that it verify that the debt was discharged in Bankruptcy.

50.  The Official Staff Commentary to § 607 of the Fair Credit Reporting Act provides as follows:  "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

COUNT ONE - VIOLATION OF 15 U.S.C. §1681e(b) BY TRANSUNION

51.  Plaintiff realleges and reincorporates paragraphs above as if fully set out herein.

52.  TransUnion violated 15 U.S.C. § 1681 e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning the Plaintiff.

53.  As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein,

including specifically, the loss of credit, the loss of the ability to

purchase and benefit from a line of credit, the loss of time and other

frustration and aggravation associated with writing dispute letters,

tracking the status of his disputes and monitoring his credit file,

and the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denials.

54.   The conduct, actions, and inaction of TransUnion were willful,

rendering them liable for punitive damages in an amount to be

determined by the Court pursuant to 15 U.S.C. §1681n. In the

alternative, they were negligent, entitling the Plaintiff to recover

under 15 U.S.C. §1681o.

55.   The Plaintiff is entitled to recover actual damages, statutory

damages, punitive damages, costs, and her attorneys' fees from the

Defendants in an amount to be determined by the Court pursuant to 15

U.S.C. §1681n and 15 U.S.C. §1681o.

    COUNT TWO - VIOLATION OF 15 U.S.C §1681i(a)(I) BY TRANSUNION

56.   Plaintiff realleges and reincorporates the paragraphs above as if

fully set out herein.

57.   TransUnion violated 15 U.S.C §1681i(a)(I) by their conduct which

includes but is not limited to failing to conduct a reasonable

reinvestigation to determine whether the disputed information was

inaccurate and to subsequently delete the information from the file.

58.   As a result of the conduct, actions, and inaction of TransUnion,

the Plaintiff suffered various types of damage as set forth herein,

including specifically, the loss of credit, the loss of the ability to

purchase and benefit from a line of credit, the loss of time and other

frustration and aggravation associated with writing dispute letters, tracking the status of his disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

59.   The conduct, actions, and inaction of TransUnion were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

60.   The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

COUNT THREE - VIOLATION OF 15 U.S.C §1681i(a)(2) BY TRANSUNION

61.   Plaintiff realleges and reincorporates paragraphs above as if fully set out herein.

62.   TransUnion violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send all relevant information that they received in Plaintiff's dispute letter to DCTF.

63.   As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of his disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denials.

64.  The conduct, actions, and inaction of TransUnion were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

65.  The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

COUNT FOUR - VIOLATION OF 15 U.S.C §1681i(a)(4) BY TRANSUNION

66.  Plaintiff realleges and reincorporates paragraphs above as if fully set out herein.

67.  Equifax and Experian violated 15 U.S.C §1681I(a)(4) by their conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiffs dispute.

68.  As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of his disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69.  The conduct, actions, and inaction of TransUnion were willful,

rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

70.   The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

COUNT FIVE - VIOLATION OF 15 U.S.C §1681i(a)(5) BY TRANSUNION

71.   Plaintiff realleges and reincorporates paragraphs above as if fully set out herein.

72.   Equifax and Experian violated 15 U.S.C §1681I(a)(5) by their conduct which includes, but is not limited to, failing to delete any information which was the subject of Plaintiffs disputes and which was inaccurate or could not be verified.

73.   As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of his disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

74.   The conduct, actions, and inaction of TransUnion were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the

alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

75.  The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

COUNT SIX - VIOLATION OF N.Y. Gen. Bus. Law §380-f BY TRANSUNION

76.  Plaintiff realleges and reincorporates paragraphs above as if fully set out herein.

77.  TransUnion violated N.Y. Gen. Bus. Law §380-f as follows:

    a)    by failing to reinvestigate and record the status of the Plaintiff's dispute;

    b)    by failing to expunge the tradeline and correct the Plaintiff's credit report;

    c)    by failing to refrain from reporting the tradeline;

    d)    by failing to clearly and conspicuously disclose to the Plaintiff his rights to make  a  request  for notification  to any person designated by the Plaintiff who has  received information  regarding  the  item during the previous year that an error existed, and to furnish such person with the  corrected  information;

    e)    failing t forward  a  copy  of  the Plaintiff's statement pursuant to N.Y. Gen. Bus. Law §380-f(c);

    f)    failing to promptly indicate in the Plaintiff's credit report that the tradeline is disputed, and

    g)    failing to clearly note in all subsequent consumer

reports that the item is disputed by the Plaintiff.

78. As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of his disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

79. The conduct, actions, and inaction of TransUnion were negligent, entitling the Plaintiff to recover actual damages, costs, and her attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to N.Y. Gen. Bus. Law §380-m.

COUNT SEVEN - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(A) BY DCTF

80. Plaintiff realleges and reincorporates the preceding paragraphs above as if fully set out herein.

81. DCTF violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by its actions, which include, but are not limited to: publishing the inaccurate and defamatory tradeline to Plaintiffs credit file maintained by the credit reporting agencies; failing to fully and properly investigate the Plaintiffs disputes; failing to review all relevant information regarding the same; failing to correctly report the results of a reasonable investigation to each of the credit reporting agencies; and by failing to report to the consumer reporting agencies that the information regarding the Plaintiff was incomplete or inaccurate in response to the requests for reinvestigation

received.

82.   DCTF violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving the request for reinvestigation from TransUnion, failing to conduct an investigation with respect to the disputed information.

83.   As a result of the conduct, actions, and inaction of DCTF, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of his disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

84.   The conduct, actions, and inaction of DCTF were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

85.   The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

   COUNT EIGHT - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(B) BY DAIMLER

86.   Plaintiff realleges and reincorporates the preceding paragraphs above as if fully set out herein.

87.   Daimler violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-

2(b)(1)(B) by, after receiving the request for reinvestigation from
TransUnion, failing to review all relevant information provided by
TransUnion.

88.  As a result of the conduct, actions, and inaction of Daimler, the
Plaintiff suffered various types of damage as set forth herein,
including specifically, the loss of credit, the loss of the ability to
purchase and benefit from a line of credit, the loss of time and other
frustration and aggravation associated with writing dispute letters,
tracking the status of his disputes and monitoring his credit file,
and the mental and emotional pain, anguish, humiliation, and
embarrassment of credit denials.

89.  The conduct, actions, and inaction of Damiler were willful,
rendering them liable for punitive damages in an amount to be
determined by the Court pursuant to 15 U.S.C. § 1681n. In the
alternative, they were negligent, entitling the Plaintiff to recover
under 15 U.S.C. §1681o.

90.  The Plaintiff is entitled to recover actual damages, statutory
damages, punitive damages, costs, and her attorneys' fees from the
Defendants in an amount to be determined by the Court pursuant to 15
U.S.C. §1681n and 15 U.S.C. § 1681o.

   COUNT NINE - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(C) BY Daimler

91.  Plaintiff realleges and reincorporates the preceding paragraphs
above as if fully set out herein.

92.  Daimler violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-
2(b)(1)(C) by, after receiving the request for reinvestigation from
TransUnion, failing to report the results of the investigation to

TransUnion.

93.   As a result of the conduct, actions, and inaction of Daimler, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of his disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

94.   The conduct, actions, and inaction of Daimler were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

95.   The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

   COUNT TEN - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(D) BY Daimler

96.   Plaintiff realleges and reincorporates the preceding paragraphs above as if fully set out herein.

97.   Daimler violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(D) by, after the finding of an incompleteness or inaccuracy with respect to the pre-petition debt, failing to report those results to TransUnion as it has to Equifax.

98.   As a result of the conduct, actions, and inaction of Daimler, the

Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of his disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

99.   The conduct, actions, and inaction of DAIMLER were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

100. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

   COUNT ELEVEN - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(E) BY DAIMLER

101. Plaintiff realleges and reincorporates the preceding paragraphs above as if fully set out herein.

102. DAIMLER violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(E) by, after receiving the request for reinvestigation from TransUnion and finding that the item of information disputed therein was found to be inaccurate or incomplete, failing to  (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

103. As a result of the conduct, actions, and inaction of DAIMLER, the

Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of his disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

104. The conduct, actions, and inaction of DAIMLER were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

105. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

<u>COUNT TWELVE - DEFAMATION BY DAIMLER</u>

106. Plaintiff realleges and reincorporates paragraphs 1-49 above as if fully set out herein.

107. DAIMLER published the false representation to TransUnion that Plaintiff was obligated on an account, and on multiple occasions, through TransUnion, to all of Plaintiffs potential lenders, including but not limited to:

    a)    Each date on which DAIMLER sent information concerning the inaccurate tradelines to the credit reporting agencies, which, upon information and belief, is believed to have occurred

monthly; and

b)    Each date on which DAIMLER published the defamations

through the credit reporting agencies to third parties.

These statements shall be referred to herein simply as "the

defamations."

108. The defamations were made with legal malice and a willful intent

to injure the Plaintiff by placing derogatory information on his

credit reports in an illegal and unconscionable attempt to elicit and

extort payment from the Plaintiff. DAIMLER had reason to know, both by

virtue of information communicated directly to it by Plaintiff and

through the credit reporting agencies, that Plaintiff was not

obligated on any account and was not the person who had opened the

account in question.

109. Further, DAIMLER willfully adopted procedures that wholly ignored

the demands of Plaintiff, and other consumers generally, that

inaccurate information should be removed from their credit files.

110. As a result of the conduct, actions, and inaction of DAIMLER, the

Plaintiff suffered various types of damage as set forth herein,

including specifically, the loss of credit, the loss of the ability to

purchase and benefit from a line of credit, the loss of time and other

frustration and aggravation associated with writing dispute letters,

tracking the status of his disputes and monitoring his credit file,

and the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denials.

111. The defamations were malicious, willful, deliberate, intentional

and/or with reckless disregard for the interests and rights of

Plaintiff, so as to justify an award of punitive damages against

DAIMLER in an amount to be determined by the Court.

112. The Plaintiff is entitled to recover actual damages, punitive

damages, and costs from Daimler in an amount to be determined by the

Court.

WHEREFORE, Your Plaintiff demands judgment as follows:

a.    for actual damages in the amount of $14,000 against the

Defendants for their violations of N.Y. Gen. Bus. Law §380-f;

b.    for statutory damages in the amount of $1,000 against each

of the defendants for their violations of the Fair Credit

Reporting Act;

c.    for attorneys' fees and costs;

d.    for pre-judgment and post-judgment interest at the legal

rate, and

e.    such other relief the Court does deem just, equitable, and

proper.


TRIAL BY JURY IS DEMANDED.

Dated:       March 17, 2008
             Brooklyn, NY


                              JAY S. FLEISCHMAN (JF 5433)


                              Attorney for Plaintiff

                              FLEISCHMAN CONSUMER LAW CENTER
                              315 Flatbush Ave # 401
                              Brooklyn, NY 11217
                              646.722.8649

Mr. Paul Wiggins
1925 McGraw Ave Apt 10A
Bronx, NY 10462-7952

<u>VIA CERTIFIED MAIL</u>
TransUnion Consumer Solutions
PO Box 2000
Chester, PA  19022-2002

re:     My Name:               Paul Wiggins
        Social Security Number:     ▆▆-8988
        Date of Birth:          ▆▆▆▆▆▆

To Whom It May Concern:

    I recently obtained a copy of my credit report, and have noticed that there are a number of errors. Please let this serve as a request to reinvestigate each of the disputed items on this letter.

    I filed a Chapter 7 bankruptcy on August 20, 2004, and my case was filed in the U.S. Bankruptcy Court, Southern District of New York.  My bankruptcy case was discharged on 12/9/2004.  Enclosed please find a copy of the Discharge of Debtor, along with the court's Certificate of Service showing all creditors, attorneys and other entities who received notice of my bankruptcy filing.

    Let this serve as my demand that you reinvestigate the debt listed as being owed to Mercedez-Benz and/or Chrysler Financial bearing partial account number 5000443190421 with a balance due of $44598. This debt has been discharged in bankruptcy, and I do not owe this debt.

    Let this serve as my demand that you reinvestigate the debt listed as being owed to AFSCI bearing partial account number 1330974 with a balance due of $ 29954. This debt has been discharged in bankruptcy, and I do not owe this debt.

    Let this serve as my demand that you reinvestigate the debt listed as being owed to ACC bearing partial account number 52116121330974 with a balance due of $ 15167. This debt has been discharged in bankruptcy, and I do not owe this debt.

    Let this serve as my demand that you reinvestigate the debt listed as being owed to Capital One bearing partial account number 529107143889 with a balance due of $ 775. This debt has been discharged in bankruptcy, and I do not owe this debt.

    Please ensure that these tradelines are updated to reflect a current balance of $0 and a notation that said tradelines were included, and discharged, in bankruptcy be updated with correct information or deleted.  Please provide a copy of my updated credit report to me as soon as possible at the address listed above.

Very truly yours,

Paul Wiggins

Paul  Wiggins

Certified Mail Number  7006 - 0810 - 0005 - 8745 - 6919

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**One Bowling Green**
**New York, NY 10004−1408**

---

IN RE: Paul Wiggins and Debra Wiggins          CASE NO.: 04−15487−ajg

aka   Debra Johnson

SSN/TAX ID: xxx−xx−8988     xxx−xx−3226          CHAPTER:  7

---

# DISCHARGE OF DEBTOR
# ORDER OF FINAL DECREE

A petition under chapter 7 of title 11, United States Code was filed by or against the Debtor(s) on 8/20/04 ; an order for relief was entered under chapter 7; no order denying a discharge has been granted. The Debtor's estate has been fully administered.

**IT IS ORDERED THAT:**

1. The Debtor is released from all dischargeable debts.

2. Any judgment not obtained in this court is null and void as to the personal liability of the Debtor(s) regarding the following:

(a) debts dischargeable under 11 U.S.C. § 523(a);

(b) debts alleged to be excepted from discharge under 11 U.S.C. § 523(a)(2),(4),(6) or (15) unless determined by this court to be nondischargeable;

(c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order or whose judgments are declared null and void in 2 above, are enjoined from instituting or continuing any action, employing any process or engaging in any act to collect such debts as personal liabilities of the Debtor(s).

4. Robert L. Geltzer is discharged as the Trustee of the Debtor's estate and the bond is cancelled. The chapter 7 case of the Debtor(s) is closed.

Dated: 12/9/04                          Arthur J. Gonzalez, Bankruptcy Judge

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 0208-1          User: dtetzlaff         Page 1 of 1              Date Rcvd: Dec 09, 2004
Case: 04-15487                Form ID: 155            Total Served: 31
```

The following entities were served by first class mail on Dec 11, 2004.
```
db      +Debra Wiggins,   1925 McGraw Ave Apt 10A,   Bronx, NY 10462-7952
db      +Paul Wiggins,   1925 McGraw Ave Apt 10A,   Bronx, NY 10462-7952
aty     +Jay S. Fleischman,   FleischmanLaw, P.C.,   15 Maiden Lane, Suite 2000,   New York, NY 10038-5107
tr      +Robert L. Geltzer,   Tendler Biggins & Geltzer,   1556 Third Avenue,   Suite 505,
         New York, NY 10128-3100
smg      N.Y. State Unemployment Insurance Fund,   P.O. Box 551,   Albany, NY 12201-0551
smg     +New York City Dept. Of Finance,   345 Adams Street, 10th floor,   Attn:Bankruptcy Unit,
         Brooklyn, NY 11201-3719
smg      New York State Tax Commission,   Bankruptcy/Special Procedures Section,   P.O. Box 5300,
         Albany, NY  12205-0300
smg      United States Attorney,   One St. Andrew's Plaza,   Claims Unit - Room 417,
         New York, NY  10007-1701
ust     +United States Trustee,   33 Whitehall Street,   21st Floor,   New York, NY 10004-2122
3567491 +ALLIED INTERSTATE,   CONSUMER SERVICE DEPARTMENT,   3070 LAWSON BLVD,   OCEANSIDE NY 11572-2711
3567495 +CBCS,   250 EAST TOWNE ST,   COLUMBUS OH 43215-4631
3567496 +CITICAPITAL COMMERCIAL CORPORATION,   250 CARPENTER FREEWAY,   IRVING TEXAS 75062-2710
3567497  COMMERCIAL RECOVERY SYSTEMS INC,   8035 EAST RL THORNTON STE 220,   PO BOX 570909,
         DALLAS TX  75357-0909
3567498  CREDITORS FINANCIAL GROUP INC,   PO BOX 440290,   AURORA CO  80044-0290
3567499 +CREDITORS INTERCHANGES INC,   80 HOLTZ DR,   BUFFALO NY 14225-1470
3567500 +DIRECT MERCHANTS BANK,   ATTN BANKRUPTCY NOTIFICATIONS,   KEIRLAND 1 SUITE 300,
         16430 N SCOTTSDALE RD,   SCOTTSDALE AZ 85254-1518
3567501 +ELTMAN ELTMAN  COOPER PC,   90 WILLIAM ST,   NEW YORK NY 10038-4703
3567502 +EQUIFAX INFORMATION SERVICES LLC,   PO BOX 740256,   ATLANTA GA 30374-0256
3567503 +ERIN CAPITAL MANAGEMENT,   CO CORPORATION SERVICE COMPANY,   80 STATE ST,
         ALBANY NEW YORK 12207-2523
3567504 +EXPERIAN,   PO BOX 2002,   ALLEN TX 75013-2002
3567506 +GE CAPITAL,   540 WEST NW HWY,   BARRINGTON IL 60010-3076
3567507  MCI RESIDENTIAL SERVICE,   PO BOX 4600,   IOWA CITY IA  52244-4600
3567508 +NCO FINANCIAL SYSTEMS INC,   507 PRUDENTIAL ROAD,   HORSHAM PA 19044-2368
3567509 +RISK MANAGEMENT ALTERNATIVES INC,   4360 NORTHEAST EXPY,   ATLANTA GA 30340-3401
3567510 +SEARS CREDIT CARD,   CITIBANK USA NA,   45 CONGRESS ST,   SALEM MA 01970-5579
3567511 +SHERMAN ACQUISITION LP,   28207 VAN DYKE AVENUE,   WARREN MI 48093-2713
3567512 +SYNCOM,   5450 NW CENTRAL STE 203,   HOUSTON TX 77092-2061
3567513 +TRIADVANTAGE CREDIT SERVICES INC,   1160 CENTRE POINTE DR STE 1,   MENDOTA HEIGHTS MN 55120-1270
```

The following entities were served by electronic transmission on Dec 09, 2004 and receipt of the transmission was confirmed on:
```
3567492 +EDI: CAPITALONE.COM Dec 09 2004 19:15:00     CAPITAL ONE SERVICES INC,
         ATTN BANKRUPTCY NOTIFICATIONS,   PO BOX 85586,   RICHMOND VA 23286-0001
3567505  EDI: CHRYSLER.COM Dec 09 2004 19:15:00     FASTRUCK,   1011 WARRENVILLE RD STE 600,
         LISLE IL  60532-0904
3567510 +EDI: SEARS.COM Dec 09 2004 19:15:00     SEARS CREDIT CARD,   CITIBANK USA NA,   45 CONGRESS ST,
         SALEM MA 01970-5579
3567514  EDI: AFNIVERIZONE.COM Dec 09 2004 19:16:00     VERIZON - NEW YORK,   RMCC - BANKRUPTCY,
         PO BOX 6360,   SYRACUSE NY  13217-6360
                                                                                    TOTAL: 4
```

```
         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
3567493* +CAPITAL ONE SERVICES INC,   ATTN BANKRUPTCY NOTIFICATIONS,   PO BOX 85586,   RICHMOND VA 23286-0001
3567494* +CAPITAL ONE SERVICES INC,   ATTN BANKRUPTCY NOTIFICATIONS,   PO BOX 85586,   RICHMOND VA 23286-0001
                                                                     TOTALS: 0, * 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 11, 2004**                    **Signature:**   *Joseph Speetjens*



**UNITED STATES**
**POSTAL SERVICE**®

Home  |  Help  |  Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 0810 0005 8745 6919**
Status: **Delivered**

Your item was delivered at 10:39 am on March 28, 2007 in CRUM LYNNE, PA
19022. A proof of delivery record may be available through your local Post Office
for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )  (?)   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

Site Map     Contact Us     Forms     Gov't Services     Jobs     Privacy Policy     Terms of Use     National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

Postal Inspectors
Preserving the Trust

Inspector General
Promoting Integrity

Paul Wiggins
1925 McGraw Ave Apt 10A
Bronx, NY 10462-7952

<u>VIA CERTIFIED MAIL</u>
Equifax Information Services, LLC
PO Box 740256
Atlanta, GA  30374-0256

      re:    My Name:         Paul Wiggins
              Social Security Number:    █████-8988
              Date of Birth:       ███████

To Whom It May Concern:

      I recently obtained a copy of my credit report, and have noticed that there are a number of errors. Please let this serve as a request to reinvestigate each of the disputed items on this letter.

      I filed a Chapter 7 bankruptcy on August 20, 2004, and my case was filed in the U.S. Bankruptcy Court, Southern District of New York.  My bankruptcy case was discharged on 12/9/2004.  Enclosed please find a copy of the Discharge of Debtor, along with the court's Certificate of Service showing all creditors, attorneys and other entities who received notice of my bankruptcy filing.

      Let this serve as my demand that you reinvestigate the debt listed as being owed to Mercedez-Benz and/or Chrysler Financial bearing partial account number 5000443190421 with a balance due of $44598. This debt has been discharged in bankruptcy, and I do not owe this debt.

      Let this serve as my demand that you reinvestigate the debt listed as being owed to AFSCI bearing partial account number 1330974 with a balance due of $ 29954. This debt has been discharged in bankruptcy, and I do not owe this debt.

Let this serve as my demand that you reinvestigate the debt listed as being owed to ACC bearing partial account number 52116121330974 with a balance due of $ 15167. This debt has been discharged in bankruptcy, and I do not owe this debt.

      Let this serve as my demand that you reinvestigate the debt listed as being owed to Capital One bearing partial account number 529107143889 with a balance due of $ 775. This debt has been discharged in bankruptcy, and I do not owe this debt.

      Please ensure that these tradelines are updated to reflect a current balance of $0 and a notation that said tradelines were included, and discharged, in bankruptcy be updated with correct information or deleted.  Please provide a copy of my updated credit report to me as soon as possible at the address listed above.

                     Very truly yours,

                     *Paul Wiggins*

                     Paul  Wiggins

Certified Mail Number 7006 - 0810 - 0005 - 8745 - 6896

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**One Bowling Green**
**New York, NY 10004−1408**

IN RE: Paul Wiggins and Debra Wiggins      CASE NO.: 04−15487−ajg

aka   Debra Johnson

SSN/TAX ID: xxx−xx−8988   xxx−xx−3226      CHAPTER: 7

# DISCHARGE OF DEBTOR
# ORDER OF FINAL DECREE

A petition under chapter 7 of title 11, United States Code was filed by or against the Debtor(s) on 8/20/04 ; an order for relief was entered under chapter 7; no order denying a discharge has been granted. The Debtor's estate has been fully administered.

**IT IS ORDERED THAT:**

1. The Debtor is released from all dischargeable debts.

2. Any judgment not obtained in this court is null and void as to the personal liability of the Debtor(s) regarding the following:

(a) debts dischargeable under 11 U.S.C. § 523(a);

(b) debts alleged to be excepted from discharge under 11 U.S.C. § 523(a)(2),(4),(6) or (15) unless determined by this court to be nondischargeable;

(c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order or whose judgments are declared null and void in 2 above, are enjoined from instituting or continuing any action, employing any process or engaging in any act to collect such debts as personal liabilities of the Debtor(s).

4. Robert L. Geltzer is discharged as the Trustee of the Debtor's estate and the bond is cancelled. The chapter 7 case of the Debtor(s) is closed.

Dated: 12/9/04               Arthur J. Gonzalez, Bankruptcy Judge

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 0208-1          User: dtetzlaff          Page 1 of 1               Date Rcvd: Dec 09, 2004
Case: 04-15487                Form ID: 155             Total Served: 31
```

The following entities were served by first class mail on Dec 11, 2004.
```
db       +Debra Wiggins,    1925 McGraw Ave Apt 10A,   Bronx, NY 10462-7952
db       +Paul Wiggins,    1925 McGraw Ave Apt 10A,   Bronx, NY 10462-7952
aty      +Jay S. Fleischman,    FleischmanLaw, P.C.,   15 Maiden Lane, Suite 2000,   New York, NY 10038-5107
tr       +Robert L. Geltzer,    Tendler Biggins & Geltzer,   1556 Third Avenue,   Suite 505,
          New York, NY 10128-3100
smg       N.Y. State Unemployment Insurance Fund,   P.O. Box 551,   Albany, NY 12201-0551
smg      +New York City Dept. Of Finance,   345 Adams Street, 10th floor,   Attn:Bankruptcy Unit,
          Brooklyn, NY 11201-3719
smg       New York State Tax Commission,   Bankruptcy/Special Procedures Section,   P.O. Box 5300,
          Albany, NY  12205-0300
smg       United States Attorney,   One St. Andrew's Plaza,   Claims Unit - Room 417,
          New York, NY  10007-1701
ust      +United States Trustee,   33 Whitehall Street,   21st Floor,   New York, NY 10004-2122
3567491  +ALLIED INTERSTATE,   CONSUMER SERVICE DEPARTMENT,   3070 LAWSON BLVD,   OCEANSIDE NY 11572-2711
3567495  +CBCS,   250 EAST TOWNE ST,   COLUMBUS OH 43215-4631
3567496  +CITICAPITAL COMMERCIAL CORPORATION,   250 CARPENTER FREEWAY,   IRVING TEXAS 75062-2710
3567497   COMMERCIAL RECOVERY SYSTEMS INC,   8035 EAST RL THORNTON STE 220,   PO BOX 570909,
          DALLAS TX  75357-0909
3567498   CREDITORS FINANCIAL GROUP INC,   PO BOX 440290,   AURORA CO  80044-0290
3567499  +CREDITORS INTERCHANGES INC,   80 HOLTZ DR,   BUFFALO NY 14225-1470
3567500  +DIRECT MERCHANTS BANK,   ATTN BANKRUPTCY NOTIFICATIONS,   KEIRLAND 1 SUITE 300,
          16430 N SCOTTSDALE RD,   SCOTTSDALE AZ 85254-1518
3567501  +ELTMAN ELTMAN  COOPER PC,   90 WILLIAM ST,   NEW YORK NY 10038-4703
3567502  +EQUIFAX INFORMATION SERVICES LLC,   PO BOX 740256,   ATLANTA GA 30374-0256
3567503  +ERIN CAPITAL MANAGEMENT,   CO CORPORATION SERVICE COMPANY,   80 STATE ST,
          ALBANY NEW YORK 12207-2523
3567504  +EXPERIAN,   PO BOX 2002,   ALLEN TX 75013-2002
3567506  +GE CAPITAL,   540 WEST NW HWY,   BARRINGTON IL 60010-3076
3567507   MCI RESIDENTIAL SERVICE,   PO BOX 4600,   IOWA CITY IA  52244-4600
3567508  +NCO FINANCIAL SYSTEMS INC,   507 PRUDENTIAL ROAD,   HORSHAM PA 19044-2368
3567509  +RISK MANAGEMENT ALTERNATIVES INC,   4360 NORTHEAST EXPY,   ATLANTA GA 30340-3401
3567510  +SEARS CREDIT CARD,   CITIBANK USA NA,   45 CONGRESS ST,   SALEM MA 01970-5579
3567511  +SHERMAN ACQUISITION LP,   28207 VAN DYKE AVENUE,   WARREN MI 48093-2713
3567512  +SYNCOM,   5450 NW CENTRAL STE 203,   HOUSTON TX 77092-2061
3567513  +TRIADVANTAGE CREDIT SERVICES INC,   1160 CENTRE POINTE DR STE 1,   MENDOTA HEIGHTS MN 55120-1270
```

The following entities were served by electronic transmission on Dec 09, 2004 and receipt of the transmission
was confirmed on:
```
3567492  +EDI: CAPITALONE.COM Dec 09 2004 19:15:00     CAPITAL ONE SERVICES INC,
          ATTN BANKRUPTCY NOTIFICATIONS,   PO BOX 85586,   RICHMOND VA 23286-0001
3567505   EDI: CHRYSLER.COM Dec 09 2004 19:15:00     FASTRUCK,   1011 WARRENVILLE RD STE 600,
          LISLE IL  60532-0904
3567510  +EDI: SEARS.COM Dec 09 2004 19:15:00     SEARS CREDIT CARD,   CITIBANK USA NA,   45 CONGRESS ST,
          SALEM MA 01970-5579
3567514   EDI: AFNIVERIZONE.COM Dec 09 2004 19:16:00     VERIZON - NEW YORK,   RMCC - BANKRUPTCY,
          PO BOX 6360,   SYRACUSE NY  13217-6360
                                                                            TOTAL: 4
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
3567493* +CAPITAL ONE SERVICES INC,   ATTN BANKRUPTCY NOTIFICATIONS,   PO BOX 85586,   RICHMOND VA 23286-0001
3567494* +CAPITAL ONE SERVICES INC,   ATTN BANKRUPTCY NOTIFICATIONS,   PO BOX 85586,   RICHMOND VA 23286-0001
                                                                            TOTALS: 0, * 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 11, 2004**                              **Signature:**  *Joseph Speetjens*



Home | Help | Sign In

**Track & Confirm**     **FAQs**

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 0810 0005 8745 6896**
Status: **Delivered**

Your item was delivered at 11:36 am on March 30, 2007 in ATLANTA, GA 30348.
A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)    ( Return to USPS.com Home > )


Track & Confirm

Enter Label/Receipt Number.

( Go > )

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

Postal Inspectors     Inspector General
Preserving the Trust     Promoting Integrity

Mr. Paul Wiggins
1925 McGraw Ave Apt 10A
Bronx, NY 10462-7952

<u>VIA CERTIFIED MAIL</u>
Experian
PO Box 9701
Allen, TX  75013-9701

re:    My Name:              Paul Wiggins
       Social Security Number:    ████-8988
       Date of Birth:         ██████

To Whom It May Concern:

I recently obtained a copy of my credit report, and have noticed that there are a number of errors. Please let this serve as a request to reinvestigate each of the disputed items on this letter.

I filed a Chapter 7 bankruptcy on August 20, 2004, and my case was filed in the U.S. Bankruptcy Court, Southern District of New York.  My bankruptcy case was discharged on 12/9/2004.  Enclosed please find a copy of the Discharge of Debtor, along with the court's Certificate of Service showing all creditors, attorneys and other entities who received notice of my bankruptcy filing.

Let this serve as my demand that you reinvestigate the debt listed as being owed to Mercedez-Benz and/or Chrysler Financial bearing partial account number 5000443190421 with a balance due of $44598. This debt has been discharged in bankruptcy, and I do not owe this debt.

Let this serve as my demand that you reinvestigate the debt listed as being owed to AFSCI bearing partial account number 1330974 with a balance due of $ 29954. This debt has been discharged in bankruptcy, and I do not owe this debt.

Let this serve as my demand that you reinvestigate the debt listed as being owed to ACC bearing partial account number 52116121330974 with a balance due of $ 15167. This debt has been discharged in bankruptcy, and I do not owe this debt.

Let this serve as my demand that you reinvestigate the debt listed as being owed to Capital One bearing partial account number 529107143889 with a balance due of $ 775. This debt has been discharged in bankruptcy, and I do not owe this debt.

Please ensure that these tradelines are updated to reflect a current balance of $0 and a notation that said tradelines were included, and discharged, in bankruptcy be updated with correct information or deleted.  Please provide a copy of my updated credit report to me as soon as possible at the address listed above.

Very truly yours,

*Paul Wiggins*

Paul Wiggins

Certified Mail Number  7006 - 0810 - 0005 - 8745 - 6902

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**One Bowling Green**
**New York, NY 10004−1408**

---

IN RE: Paul Wiggins and Debra Wiggins                    CASE NO.: 04−15487−ajg

aka   Debra Johnson

SSN/TAX ID: xxx−xx−8988     xxx−xx−3226                    CHAPTER:  7

---

# DISCHARGE OF DEBTOR
# ORDER OF FINAL DECREE

A petition under chapter 7 of title 11, United States Code was filed by or against the Debtor(s) on 8/20/04 ; an order for relief was entered under chapter 7; no order denying a discharge has been granted. The Debtor's estate has been fully administered.

**IT IS ORDERED THAT:**

1. The Debtor is released from all dischargeable debts.

2. Any judgment not obtained in this court is null and void as to the personal liability of the Debtor(s) regarding the following:

(a) debts dischargeable under 11 U.S.C. § 523(a);

(b) debts alleged to be excepted from discharge under 11 U.S.C. § 523(a)(2),(4),(6) or (15) unless determined by this court to be nondischargeable;

(c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order or whose judgments are declared null and void in 2 above, are enjoined from instituting or continuing any action, employing any process or engaging in any act to collect such debts as personal liabilities of the Debtor(s).

4. Robert L. Geltzer is discharged as the Trustee of the Debtor's estate and the bond is cancelled. The chapter 7 case of the Debtor(s) is closed.

Dated: 12/9/04                              Arthur J. Gonzalez, Bankruptcy Judge

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 0208-1          User: dtetzlaff          Page 1 of 1              Date Rcvd: Dec 09, 2004
Case: 04-15487               Form ID: 155             Total Served: 31
```

The following entities were served by first class mail on Dec 11, 2004.
```
db       +Debra Wiggins,    1925 McGraw Ave Apt 10A,   Bronx, NY 10462-7952
db       +Paul Wiggins,    1925 McGraw Ave Apt 10A,   Bronx, NY 10462-7952
aty      +Jay S. Fleischman,    FleischmanLaw, P.C.,    15 Maiden Lane, Suite 2000,   New York, NY 10038-5107
tr       +Robert L. Geltzer,    Tendler Biggins & Geltzer,    1556 Third Avenue,    Suite 505,
           New York, NY 10128-3100
smg       N.Y. State Unemployment Insurance Fund,    P.O. Box 551,   Albany, NY 12201-0551
smg      +New York City Dept. Of Finance,    345 Adams Street, 10th floor,   Attn:Bankruptcy Unit,
           Brooklyn, NY 11201-3719
smg       New York State Tax Commission,    Bankruptcy/Special Procedures Section,   P.O. Box 5300,
           Albany, NY 12205-0300
smg       United States Attorney,    One St. Andrew's Plaza,    Claims Unit - Room 417,
           New York, NY 10007-1701
ust      +United States Trustee,    33 Whitehall Street,    21st Floor,   New York, NY 10004-2122
3567491  +ALLIED INTERSTATE,    CONSUMER SERVICE DEPARTMENT,    3070 LAWSON BLVD,   OCEANSIDE NY 11572-2711
3567495  +CBCS,    250 EAST TOWNE ST,    COLUMBUS OH 43215-4631
3567496  +CITICAPITAL COMMERCIAL CORPORATION,    250 CARPENTER FREEWAY,    IRVING TEXAS 75062-2710
3567497   COMMERCIAL RECOVERY SYSTEMS INC,    8035 EAST RL THORNTON STE 220,    PO BOX 570909,
           DALLAS TX  75357-0909
3567498   CREDITORS FINANCIAL GROUP INC,    PO BOX 440290,   AURORA CO  80044-0290
3567499  +CREDITORS INTERCHANGES INC,    80 HOLTZ DR,   BUFFALO NY 14225-1470
3567500  +DIRECT MERCHANTS BANK,    ATTN BANKRUPTCY NOTIFICATIONS,    KEIRLAND 1 SUITE 300,
           16430 N SCOTTSDALE RD,   SCOTTSDALE AZ 85254-1518
3567501  +ELTMAN ELTMAN  COOPER PC,    90 WILLIAM ST,    NEW YORK NY 10038-4703
3567502  +EQUIFAX INFORMATION SERVICES LLC,    PO BOX 740256,   ATLANTA GA 30374-0256
3567503  +ERIN CAPITAL MANAGEMENT,    CO CORPORATION SERVICE COMPANY,    80 STATE ST,
           ALBANY NEW YORK 12207-2523
3567504  +EXPERIAN,    PO BOX 2002,    ALLEN TX 75013-2002
3567506  +GE CAPITAL,    540 WEST NW HWY,    BARRINGTON IL 60010-3076
3567507   MCI RESIDENTIAL SERVICE,    PO BOX 4600,    IOWA CITY IA  52244-4600
3567508  +NCO FINANCIAL SYSTEMS INC,    507 PRUDENTIAL ROAD,   HORSHAM PA 19044-2368
3567509  +RISK MANAGEMENT ALTERNATIVES INC,    4360 NORTHEAST EXPY,   ATLANTA GA 30340-3401
3567510  +SEARS CREDIT CARD,    CITIBANK USA NA,    45 CONGRESS ST,   SALEM MA 01970-5579
3567511  +SHERMAN ACQUISITION LP,    28207 VAN DYKE AVENUE,   WARREN MI 48093-2713
3567512  +SYNCOM,    5450 NW CENTRAL STE 203,   HOUSTON TX 77092-2061
3567513  +TRIADVANTAGE CREDIT SERVICES,    1160 CENTRE POINTE DR STE 1,   MENDOTA HEIGHTS MN 55120-1270
```

The following entities were served by electronic transmission on Dec 09, 2004 and receipt of the transmission was confirmed on:
```
3567492  +EDI: CAPITALONE.COM Dec 09 2004 19:15:00    CAPITAL ONE SERVICES INC,
           ATTN BANKRUPTCY NOTIFICATIONS,    PO BOX 85586,   RICHMOND VA 23286-0001
3567505   EDI: CHRYSLER.COM Dec 09 2004 19:15:00    FASTRUCK,    1011 WARRENVILLE RD STE 600,
           LISLE IL  60532-0904
3567510  +EDI: SEARS.COM Dec 09 2004 19:15:00    SEARS CREDIT CARD,   CITIBANK USA NA,    45 CONGRESS ST,
           SALEM MA 01970-5579
3567514   EDI: AFNIVERIZONE.COM Dec 09 2004 19:16:00    VERIZON - NEW YORK,    RMCC - BANKRUPTCY,
           PO BOX 6360,   SYRACUSE NY  13217-6360
                                                                              TOTAL: 4
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
3567493* +CAPITAL ONE SERVICES INC,    ATTN BANKRUPTCY NOTIFICATIONS,    PO BOX 85586,   RICHMOND VA 23286-0001
3567494* +CAPITAL ONE SERVICES INC,    ATTN BANKRUPTCY NOTIFICATIONS,    PO BOX 85586,   RICHMOND VA 23286-0001
                                                                           TOTALS: 0, * 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 11, 2004**                    **Signature:**    *Joseph Speetjens*



Home | Help | Sign In

**Track & Confirm**      **FAQs**

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 0810 0005 8745 6902**
Status: **Delivered**

Your item was delivered at 1:29 pm on April 03, 2007 in ALLEN, TX 75013. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

*Restore Offline Details >*   (?)   *Return to USPS.com Home >*

**Track & Confirm**

Enter Label/Receipt Number.

*Go >*

---

Site Map | Contact Us | Forms | Gov't Services | Jobs | Privacy Policy | Terms of Use | National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

*** 170173057-003 ***
P.O. Box 2000
Chester, PA 19022

RETURN SERVICE REQUESTED                                              03/30/2007    TransUnion.

P09KW700300049-H000577
PAUL A. WIGGINS
1925 MCGRAW AV 10A
BRONX, NY 10462

Our investigation of the dispute you submitted is now complete. The results are listed below and a
new copy of your credit report is enclosed.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If
you provide a consumer statement that contains medical information related to service providers or
medical procedures, then you expressly consent to TransUnion including this information in every
credit report we issue about you.

If there has been a change to your credit history resulting from our investigation, or if you add a
consumer statement, you may request that TransUnion send an updated report to those who received
your report within the last two years for employment purposes, or within the last one year for any other
purpose.

If interested, you may also request a description of how the investigation was conducted along with
the name, address and telephone number of anyone we contacted for information.

Thank you for helping ensure the accuracy of your credit information.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| CITICAPITAL COMM CORP | # 52416121330974 | NEW INFORMATION BELOW |

Any corrections to your identification requested by you have been made, and are
included in the following credit report.

# TransUnion Personal Credit Score

PAUL A. WIGGINS



| Your Score & Grade | Score & Grade Range | Where You Rank |
|---|---|---|
| Score<br>**Not Purchased**<br>(See Below)<br><br>Grade<br><br>Created on<br>03/30/2007 | Unavailable<br>(See Below)<br><br>—990<br>—900<br>—800<br>—700<br>—600<br>—501 | Unavailable<br>(See Below)<br><br>—100%<br><br>—50%<br><br>—0% |
| Based on your TransUnion credit report, this is a depiction of your creditworthiness. | The numerical score ranges from 990 to 501 equaling grade ranges from A to F. | Your credit ranks higher than ~% of the nation's population. |

### About your TransUnion Personal Credit Score

Your TransUnion Personal Credit Score is displayed above, and was calculated with the VantageScore credit scoring formula. Your credit score is a snapshot of the contents of your credit report at the time the score was calculated. Using objective, impartial formulas to translate the contents of your credit report into a 3-digit score enables lenders to evaluate your application for credit in a fast, fair and more objective manner. Remember, we constantly update the information contained in your credit report, so your TransUnion Personal Credit Score only represents the score a lender would receive if they requested it today.

### Summary

You did not order a TransUnion credit score. You can purchase your credit score for $7.95 by calling 1-866-SCORE-TU or 1-866-726-7388.

### Answers About Credit Scores

**• How are credit scores used?**
A credit score is just one of several factors a company usually uses when deciding to extend credit, give insurance coverage or provide financial services to you. A variety of other factors will be considered, such as length of employment, income or previous experience with you. Depending on what you are applying for, different companies weigh each of these factors differently. By using a credit score, they can evaluate your application quickly, fairly and consistently.

**• How can I improve my credit score?**
A credit score is a snapshot of the contents of your credit report at the time it was calculated. Long-term, responsible credit behavior is the most effective way to improve future scores. Pay bills on time, lower balances and use credit wisely to improve your score over time. You should also review your credit report to ensure it is accurate.

**• How do inquiries affect my credit score?**
When your credit is checked by a business for the purpose of an application a 'hard inquiry' appears on your credit report. These inquiries can affect your credit score; and typically they have only a small impact. Delinquencies, balances owed, and the length of time you have used credit are all more important. Inquiries have a greater impact if you have a limited credit history.

### Additional Information

The TransUnion Personal Credit Score is provided to help you better understand how lenders view your credit report. It is not an endorsement or a determination of your qualification for a loan. The VantageScore credit scoring model was used for this Score Analysis and is not necessarily the same scoring model that may be used by a lender. The resulting credit score may not be identical in every respect to any consumer credit score produced by any other company. Any credit information that has not yet been reported to TransUnion will not be reflected in your consumer disclosure or score. Also, some items disputed directly with creditors are not incorporated in the assessment of your credit score.

## See your 3-in-1 Credit Report!

Plus, you can see all 3 of your credit scores side-by-side. Quick & secure. See the full story instantly!

**Get your score: www.truecredit.com/score**

## Protect yourself from ID theft

Last year, 9.9 million people became victims of identity theft. Protect yourself, it's easy. We'll email you when your credit changes!

**Sign up now: www.truecredit.com/protect**



| File Number: | 170173057 |
| Page: | 1 of 6 |
| Date Issued: | 03/30/2007 |

TransUnion.

## Personal Information

| Name: | PAUL A. WIGGINS |
| | |

You have been on our files since 06/1988

| SSN: | XXX-XX-8988 |
| Date of Birth: | |
| Telephone: | |
| Your SSN is partially masked for your protection. | |

### CURRENT ADDRESS

| Address: | 1925 MCGRAW AV 10A |
| | BRONX, NY 10462 |
| Date Reported: | 04/1998 |

### PREVIOUS ADDRESS

| Address: | 11548 132ND ST 02 |
| | QUEENS, NY 11356 |
| Date Reported: | 09/1992 |

### EMPLOYMENT DATA REPORTED

| Employer Name: | BULKMATIC TRANSPORTATION |
| Date Reported: | 01/2007 |

| Position: | OPERATOR |
| Hired: | |

Special Notes: Your Social Security number has been masked for your protection. You may request disclosure of the full number by writing to us at the address found at the end of this report. Also, if any item on your credit report begins with "MED1", it includes medical information and the data following "MED1" is not displayed to anyone but you except where permitted by law.

## Public Records

The following items obtained from public records appear on your report. You may be required to explain public record items to potential creditors. Any bankruptcy information will remain on your report for 10 years from the date of the filing. Unpaid tax liens may generally be reported for an indefinite period of time depending on your state of residence. Paid tax liens may be reported for 7 years from date of payment. All other public record information, including discharged chapter 13 bankruptcy, remains for up to 7 years.

**BRONX CIVIL COURT** Docket #: 020069266HC

| 851 GRAND CONCOURS | Type: | CIVIL JUDGMENT | Date Filed: | 03/2003 |
| BASEMENT WINDOW 56 | | | Responsibility: | INDIVIDUAL DEBT |
| BRONX, NY 10451 | | | Plaintiff: | PARKCHESTER PRESERV CO |
| (718) 590-3597 | | | Amount: | $2,460 |
| Estimated date that this item will be removed: | 02/2010 | | | |

**BRONX CIVIL COURT** Docket #: 020030888HC

| 851 GRAND CONCOURS | Type: | CIVIL JUDGMENT | Date Filed: | 05/2002 |
| BASEMENT WINDOW 56 | | | Responsibility: | INDIVIDUAL DEBT |
| BRONX, NY 10452 | | | Plaintiff: | PARKCHESTER PRES CO LP |
| (718) 590-3597 | | | Amount: | $2,125 |
| Estimated date that this item will be removed: | 04/2009 | | | |

**NEW YORK FEDERAL COURT-N** Docket #: 415487

| ONE BOWLING GREEN | Type: | CHAPTER 7 BANKRUPTCY DISCHARGED | Date Filed: | 08/2004 |
| 6TH FLOOR | Court Type: | FEDERAL DISTRICT | Responsibility: | CONTRACTUALLY LIABLE DEBT |
| NEW YORK, NY 10004 | Date Paid: | 12/2004 | Plaintiff Attorney: | JAY S FLEISCHMAN |
| (212) 668-2870 | Assets: | $0 | Liabilities: | $0 |
| Estimated date that this item will be removed: | 07/2014 | | | |

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 120 |
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

Consumer Credit Report for  PAUL A. WIGGINS

File Number:     170173057
Page:            2 of 6
Date Issued:     03/30/2007

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in brackets or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

**CAPITAL ONE SERVICES**   #█████████

POB 30281
SALT LAKE CITY, UT 84130-0281
(800) 955-7070

Balance:
Date Updated:    03/2007
High Balance:    $3,348

Pay Status:       UNRATED
Account Type:     REVOLVING ACCOUNT
Responsibility:   INDIVIDUAL ACCOUNT
Date Open:        07/1999
Date Closed:      10/2001
Date Paid:        03/2002

Loan Type: CREDIT CARD
Remarks: >CHAPTER 7 BANKRUPTCY<

---

**CAPITAL ONE SERVICES**   #█████████

POB 30281
SALT LAKE CITY, UT 84130-0281
(800) 955-7070

Balance:
Date Updated:    01/2002
High Balance:    $733

Pay Status:       >120 DAYS PAST DUE<
Account Type:     REVOLVING ACCOUNT
Responsibility:   AUTHORIZED ACCOUNT
Date Open:        02/1998

Loan Type: CREDIT CARD
>Maximum delinquency of 90+ days occurred in 11/2001 for    $85<

| Late Payments (12 months) | 30 | 60 | 90+ | Last 19 months | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 1 | 3 | | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '01 | dec | nov | oct | sep | aug | jul | jun |

---

**CITICAPITAL COMM CORP**   #█████████

1590 ADAMSON PKWY
RM 350
MORROW, GA 30260-1755
(800) 242-5086

Balance:          $0
Date Verified:    06/2002
High Balance:     $15,167
Terms:            42 MONTHLY $1475

Pay Status:       UNRATED
Account Type:     INSTALLMENT ACCOUNT
Responsibility:   INDIVIDUAL ACCOUNT
Date Open:        05/2000
Date Closed:      06/2002

Loan Type: INSTALLMENT SALES CONTRACT
Remarks: >CHAPTER 7 BANKRUPTCY<

---

**MERCEDES-BENZ CREDIT**   #5000443190421

1011 WARRENVILLE RD
STE 600
LISLE, IL 60532-0903
Phone number not available

Balance:          $44,598
Date Updated:     08/2003
High Balance:     $55,520
Past Due:         >$44,598<
Terms:            54 MONTHLY $1496

Pay Status:       >REPOSSESSION<
Account Type:     INSTALLMENT ACCOUNT
Responsibility:   INDIVIDUAL ACCOUNT
Date Open:        08/2000
Date Closed:      05/2002

Loan Type: INSTALLMENT SALES CONTRACT
Remarks: >REPOSSESSION<

## Satisfactory Accounts

The following accounts are reported with no adverse information. (Note: The account # may be scrambled by the creditor for your protection).

**CAPITAL ONE AUTO FINANCE**   #█████████

3905 DALLAS PKWY
DALLAS, TX 75093
(800) 955-7070

Balance:          $25,219
Date Updated:     02/2007
High Balance:     $25,375
Terms:            72 MONTHLY $525

Pay Status:       PAID OR PAYING AS AGREED
Account Type:     INSTALLMENT ACCOUNT
Responsibility:   INDIVIDUAL ACCOUNT
Date Opened:      01/2007

Loan Type: AUTOMOBILE

| Late Payments (12 month) | 30 | 60 | 90+ | Last 1 month | OK |
|---|---|---|---|---|---|
| | 0 | 0 | 0 | | '07 |

Consumer Credit Report for PAUL A. WIGGINS

| | |
|---|---|
| File Number: | 170173057 |
| Page: | 3 of 6 |
| Date Issued: | 03/30/2007 |

TransUnion.

**GEMB/SAM'S CLUB #** ████████████
PO BOX 981400
EL PASO, TX 79998
(800) 964-1917

| | | | |
|---|---|---|---|
| Balance: | $0 | Pay Status: | PAID OR PAYING AS AGREED |
| Date Updated: | 03/2007 | Account Type: | REVOLVING ACCOUNT |
| High Balance: | $292 | Responsibility: | INDIVIDUAL ACCOUNT |
| Credit Limit: | $500 | Date Opened: | 09/2005 |
| | | Date Paid: | 09/2006 |

Loan Type: CHARGE ACCOUNT

| Late Payments (18 months) | 30 | 60 | 90+ | Last 18 months | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0 | 0 | 0 | | feb | '07 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '06 | dec | nov | oct | sep |

**MERRICK BANK #** ████████████
10713 S JORDAN GTWY
STE 200
SOUTH JORDAN, UT 84095-3913
Phone number not available

| | | | |
|---|---|---|---|
| Balance: | $0 | Pay Status: | UNRATED |
| Date Updated: | 03/2000 | Account Type: | REVOLVING ACCOUNT |
| High Balance: | $1,000 | Responsibility: | INDIVIDUAL ACCOUNT |
| Credit Limit: | $1,000 | Date Opened: | 09/1999 |

Loan Type: CREDIT CARD
Remarks: ACCOUNT CLOSED BY CONSUMER

**UNITED NATIONAL BANK #** ████████████
PO BOX 1369
SOMERSET, NJ 08875-1369
Phone number not available

| | | | |
|---|---|---|---|
| Balance: | $0 | Pay Status: | PAID OR PAYING AS AGREED |
| Date Updated: | 05/2000 | Account Type: | REVOLVING ACCOUNT |
| High Balance: | $450 | Responsibility: | JOINT ACCOUNT |
| Credit Limit: | $500 | Date Opened: | 03/1998 |
| | | Date Closed: | 11/1999 |

Loan Type: CREDIT CARD
Remarks: ACCOUNT CLOSED BY CONSUMER

**WASHMTL/PROV #** ████████████
POB 660509
DALLAS, TX 75266-0509
(800) 356-0011

| | | | |
|---|---|---|---|
| Balance: | $992 | Pay Status: | PAID OR PAYING AS AGREED |
| Date Updated: | 03/2007 | Account Type: | REVOLVING ACCOUNT |
| High Balance: | $1,759 | Responsibility: | INDIVIDUAL ACCOUNT |
| Credit Limit: | $3,500 | Date Opened: | 07/2006 |

Loan Type: CREDIT CARD

| Late Payments (07 months) | 30 | 60 | 90+ | Last 7 months | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0 | 0 | 0 | | feb | '07 | dec | nov | oct | sep | aug |

## Regular Inquires

The following companies have received your credit report. Their inquiries remain on your credit report for two years.

**CHASE AUTO FINANCE**
900 STEWART AVE
3RD FLR
GARDEN CITY, NY 11530
(800) 458-3756
Requested On: 01/06/2007   Inquiry Type: INDIVIDUAL

**HSBC AUTO FINANCE**
6602 CONVOY COURT
SAN DIEGO, CA 92111
(800) 922-4964
Requested On: 01/06/2007   Inquiry Type: INDIVIDUAL

**M&T BANK INDIR**
1 FOUNTAIN PLAZA
FLOOR 3
BUFFALO, NY 14203
(800) 724-6450
Requested On: 01/06/2007   Inquiry Type: INDIVIDUAL

**MAJOR CHEVROLET VIA MAJOR CHEVROLET**
43-40 NORTHERN BV
LONG ISLAND CI, NY 11101
Phone number not available
Requested On: 01/06/2007   Inquiry Type: INDIVIDUAL
Permissible Purpose: CREDIT TRANSACTION

**ONYX ACCEPTANCE**
27051 TOWNE CENTER
FOOTHILL RANCH, CA 92601
Phone number not available
Requested On: 01/06/2007   Inquiry Type: INDIVIDUAL

**WELLS FARGO BANK**
2501 SEAPORT DRIVE
CHESTER, PA 19013
(800) 357-7501
Requested On: 01/06/2007   Inquiry Type: INDIVIDUAL

Consumer Credit Report for PAUL A. WIGGINS

File Number:  170173057
Page:  4 of 6
Date Issued:  03/30/2007

**BANK OF AMERICA MORT VIA BANK OF AMERICA**
1201 MAIN STREET
DALLAS, TX 75202
Phone number not available
Requested On: 11/28/2006  Inquiry Type: INDIVIDUAL
Permissible Purpose: CREDIT TRANSACTION

## Inquiry Analysis

The companies that request your credit report must first provide certain information about you. Within the past 90 days, companies that requested your report provided the following information.

**CHASE AUTO FINANCE**  Requested On: 01/06/2007
Identifying information they provided:
PAUL A. WIGGINS
1925 MCGRAW AV
BRONX, NY 10462
Employer: BULKMATIC TRANSPORTATION

**HSBC AUTO FINANCE**  Requested On: 01/06/2007
Identifying information they provided:
PAUL A. WIGGINS
1925 MCGRAW
BRONX, NY 10462
(718) 684-1775

**M&T BANK INDIR**  Requested On: 01/06/2007
Identifying information they provided:
PAUL A. WIGGINS
1925 MCGRAW AV
BRONX, NY 10462
(718) 684-1775
Employer: BULKMATIC TRANSPORTATION

**MAJOR CHEVROLET**  Requested On: 01/06/2007
Identifying information they provided:
PAUL A. WIGGINS
1925 MCGRAW 10A
BRONX, NY 10462

**ONYX ACCEPTANCE**  Requested On: 01/06/2007
Identifying information they provided:
PAUL A. WIGGINS
1925 MCGRAW AVENUE
BRONX, NY 10462
Employer: BULKMATIC TRANSPORTATIO

**WELLS FARGO BANK**  Requested On: 01/06/2007
Identifying information they provided:
PAUL A. WIGGINS
1925 MCGRAW AV
BRONX, NY 10462

## Promotional Inquiries

The companies listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance. They did not receive your full credit report. These inquiries are not seen by anyone but you and do not affect your score.

**Source One Automotive In**  Requested On: 02/2007
113 SEABOARD LANE
SUITE A-190
FRANKLIN, TN 37067
(615) 261-2030

**COMPUCREDIT/CB&T**  Requested On: 11/2006
PO BOX 105555
ATLANTA, GA 30348
(800) 348-8783

**BARCLAYS BANK DELAWARE**  Requested On: 10/2006
1007 NORTH ORANGE ST
WILMINGTON, DE 19801
(866) 419-0881

**AIG**  Requested On: 09/2006
505 CARR RD
WILMINGTON, DE 19809-2800
Phone number not available

**CAPITAL ONE SERVICES**  Requested On: 09/2006
POB 30281
SALT LAKE CITY, UT 84130-0281
(800) 955-7070

**BARCLAYS BANK DELAWARE**  Requested On: 08/2006
1007 NORTH ORANGE ST
WILMINGTON, DE 19801
(866) 419-0881

**BARCLAYS BANK DELAWARE**  Requested On: 07/2006
1007 NORTH ORANGE ST
WILMINGTON, DE 19801
(866) 419-0881

**RESPONSE INSURANCE - MS**  Requested On: 07/2006
4 GANNETT DR
WHITE PLAINS, NY 10604-3408
Phone number not available

Consumer Credit Report for PAUL A. WIGGINS

File Number:    170173057
Page:    5 of 6
Date Issued:    03/30/2007

 TransUnion.

**BARCLAYS BANK DELAWARE** Requested On: 06/2006
1007 NORTH ORANGE ST
WILMINGTON, DE 19801
(866) 419-0881

**BARCLAYS BANK DELAWARE** Requested On: 05/2006
1007 NORTH ORANGE ST
WILMINGTON, DE 19801
(866) 419-0881

**BARCLAYS BANK DELAWARE** Requested On: 04/2006
1007 NORTH ORANGE ST
WILMINGTON, DE 19801
(866) 419-0881

**AIG** Requested On: 03/2006
505 CARR RD
WILMINGTON, DE 19809-2800
Phone number not available

**CAPITAL ONE BANK** Requested On: 03/2006
1957 WESTMORLAND ST
RICHMOND, VA 12030-0163
Phone number not available

**AIG** Requested On: 11/2005
505 CARR RD
WILMINGTON, DE 19809-2800
Phone number not available

**RESPONSE INSURANCE - MS** Requested On: 09/2005
4 GANNETT DR
WHITE PLAINS, NY 10604-3408
Phone number not available

**AIG** Requested On: 03/2005
505 CARR RD
WILMINGTON, DE 19809-2800
Phone number not available

**AIG** Requested On: 05/2006
505 CARR RD
WILMINGTON, DE 19809-2800
Phone number not available

**RESPONSE INSURANCE - MS** Requested On: 05/2006
4 GANNETT DR
WHITE PLAINS, NY 10604-3408
Phone number not available

**CAPITAL ONE SERVICES** Requested On: 04/2006
POB 30281
SALT LAKE CITY, UT 84130-0281
(800) 955-7070

**BARCLAYS BANK DELAWARE** Requested On: 03/2006
1007 NORTH ORANGE ST
WILMINGTON, DE 19801
(866) 419-0881

**CAPITAL ONE SERVICES** Requested On: 03/2006
POB 30281
SALT LAKE CITY, UT 84130-0281
(800) 955-7070

**AIG** Requested On: 09/2005
505 CARR RD
WILMINGTON, DE 19809-2800
Phone number not available

**AIG** Requested On: 07/2005
505 CARR RD
WILMINGTON, DE 19809-2800
Phone number not available

## Account Review Inquiries

The companies listed below obtained information from your consumer report for the purpose of an account review or other business transaction with you. These inquiries are not displayed to anyone but you and will not affect any creditor's decision or any score (except insurance companies may have access to other insurance company inquiries, where permitted by law).

**WASHMTL/PROV**
P O BOX 9007
PLEASANTON, CA 94566
Phone number not available
Requested On: 02/2007

**WASHMTL/PROV**
P O BOX 9007
PLEASANTON, CA 94566
Phone number not available
Requested On: 01/2007

**TRAVELERS INSURANCE**
10777 NW FREEWAY
HOUSTON, TX 77092
Phone number not available
Requested On: 01/2007
Permissible Purpose: INSURANCE UNDERWRITING

**WASHMTL/PROV**
P O BOX 9007
PLEASANTON, CA 94566
Phone number not available
Requested On: 12/2006

Consumer Credit Report for PAUL A. WIGGINS

File Number:     170173057
Page:            6 of 6
Date Issued:     03/30/2007

**WASHMTL/PROV**
P O BOX 9007
PLEASANTON, CA 94566
Phone number not available
Requested On: 11/2006

**WASHMTL/PROV**
P O BOX 9007
PLEASANTON, CA 94566
Phone number not available
Requested On: 10/2006

**WASHMTL/PROV**
P O BOX 9007
PLEASANTON, CA 94566
Phone number not available
Requested On: 09/2006

## Should you wish to contact TransUnion, you may do so,

**At our web site:**
http://transunion.com

**By Mail:**
TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19022-2000

**By Phone:**
1-800-916-8800
You may contact us between the hours of 8:00 a.m. and 8:00 p.m. Eastern Time, Monday through Friday, except major holidays.  Residents of Alaska and Hawaii please note: Hours of operation are 8:30 a.m. to 4:30 p.m. in your local time zone.

For all correspondence, please have your TransUnion file number available (located at the top of this report).

## A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT, CONTINUED

States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. Federal enforcers are:

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| Consumer reporting agencies, creditors and others not listed below | Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580   1-877-382-4357 |
| National banks, federal branches/agencies of foreign banks (word "National" or initials "N.A." appear in or after bank's name) | Office of the Comptroller of the Currency Compliance Management, Mail Stop 6-6 Washington, DC 20219   800-613-6743 |
| Federal Reserve System member banks (except national banks, and federal branches/agencies of foreign banks) | Federal Reserve Board Division of Consumer & Community Affairs Washington, DC 20551   202-452-3693 |
| Savings associations and federally chartered savings banks (word "Federal" or initials "F.S.B." appear in federal institution's name) | Office of Thrift Supervision Consumer Complaints Washington, DC 20552   800-842-6929 |
| Federal credit unions (words "Federal Credit Union" appear in institution's name) | National Credit Union Administration 1775 Duke Street Alexandria, VA 22314   703-519-4600 |
| State-chartered banks that are not members of the Federal Reserve System | Federal Deposit Insurance Corporation Consumer Response Center, 2345 Grand Avenue, Suite 100 Kansas City, Missouri 64108-2638   1-877-275-3342 |
| Air, surface, or rail common carriers regulated by former Civil Aeronautics Board or Interstate Commerce Commission | Department of Transportation, Office of Financial Management Washington, DC 20590   202-366-1306 |
| Activities subject to the Packers and Stockyards Act, 1921 | Department of Agriculture Office of Deputy Administrator - GIPSA Washington, DC 20250   202-720-7051 |

## Summary of Rights

*Para informacion en espanol, visite www.ftc.gov/credit o escribe a la FTC Consumer Response Center, Room 130-A 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.*

### A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. For more information, including information about additional rights, go to www.ftc.gov/credit or write to: Consumer Response Center, Room 130-A, Federal Trade Commission, 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, by September 2005 all consumers will be entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.ftc.gov/credit for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.ftc.gov/credit for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, the consumer reporting agency is not required to remove accurate derogatory information from your file unless it is outdated (as described below) or cannot be verified. A consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.ftc.gov/credit.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.ftc.gov/credit.

**New York Consumers Have the Right to Obtain a Security Freeze**

As of November 1, 2006 you have a right to place a "Security Freeze" on your credit report, which will prohibit a Consumer Reporting Agency from releasing information in your credit report without your express authorization. A Security Freeze must be requested in writing by certified or overnight mail. The Security Freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a Security Freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, government services or payments, insurance, rental housing, employment, investment, license, cellular phone, utilities, digital signature, internet credit card transaction, or other services, including an extension of credit at point of sale. When you place a Security Freeze on your credit report, you will be provided a personal identification number or password to use if you choose to remove the freeze on your credit report to a specific party or for a period of time after the freeze is in place. To provide that authorization you must contact the Consumer Credit Reporting Agency and provide all of the following:

1. The personal identification number or password;
2. Proper identification to verify your identity;
3. The proper information regarding the party or parties who are to receive the credit report or the period of time for which the report shall be available to users of the credit report; and
4. Payment of any applicable fee.

A Consumer Credit Reporting Agency must authorize the release of your credit report no later than three business days after receiving the above information.

A Security Freeze does not apply to circumstances in which you have an existing account relationship and a copy of your report is requested by your existing creditor or its agents or affiliates for certain types of account review, collection, fraud control or similar activities.

If you are actively seeking credit, you should understand that the procedures involved in lifting a security freeze may slow your application for credit. You should plan ahead and lift a freeze, either completely if you are shopping around, or specifically for a certain creditor, before applying for new credit.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

PAUL WIGGINS,                                    C.A. No: _____

                              Plaintiff,

        v.

                                                 **JOINDER TO  REMOVAL**

DAIMLERCHRYSLER FINANCIAL SERVICES
AMERICAS LLC AND TRANS UNION LLC,

                              Defendants.
-----------------------------------------------------------x

        Without waiving any other defenses, Defendant Trans Union LLC hereby joins in and consents to the removal of this action from the Civil Court of the City of New York, Bronx County, to this Court.  Removal is proper for the reasons stated in the Notice of Removal filed by Co-Defendant DaimlerChrysler Financial Services Americas ("DaimlerChrysler").

        Trans Union received the Summons and Complaint on March 27, 2008.  A true and correct copy of the Summons and Complaint is attached to DamilerChrysler's Notice of Removal as Exhibit "A."

                              Respectfully submitted,

                              KOGAN, TRICHON & WERTHEIMER, P.C.

                              /s/ Timothy P. Creech
                              _____
                              TIMOTHY P. CREECH
                              1818 Market St., 30th Floor
                              Philadelphia, PA 19103
                              (215) 575-7618; Fax: (215) 575-7688
                              email: tcreech@mstkw.com
                              *Counsel for Defendant,*
                              *Trans Union LLC*

DATED:        April 10, 2008